UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14044-CV-ROSENBERG
MAGISTRATE JUDGE REID

FRANKIE LEE ROGERS,

    Plaintiff,

v.

CITY OF STUART POLICE DEP'T.,
et al.

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, Frankie Lee Rogers, filed this *pro se* civil rights action raising claims under 42 U.S.C. § 1983 against Defendant Dacey for an incident he claims amounts to an illegal arrest and wrongful prosecution. [ECF No. 7]. This Cause is presently before the Court upon Defendant's Motion to Dismiss. [ECF No. 15]. Defendant asserts the case should be dismissed as a matter of law because there was probable cause for Rogers' arrest and he is also entitled to qualified immunity. [*Id.*].

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

1

dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and S.D. Fla. Admin. Order 2019-2.

The Court directed that the only claims to proceed were those against Defendant Dacey for false arrest and malicious prosecution, in his individual capacity. [ECF Nos. 8, 9]. Shortly after being served with the second amended complaint, Defendant Dacey filed a motion to dismiss this action. [ECF Nos. 12, 15].

The Court has considered the amended complaint [ECF No. 7], Defendant's Motion to Dismiss [ECF No. 15] along with the supporting exhibits [ECF No. 15-1], Plaintiff's response to the motion to dismiss [ECF No. 23], Defendant's Reply to Plaintiff's response [ECF No. 24] and Plaintiff's Reply to the Defendant's reply. [ECF No. 27].

For the reasons stated below, the Undersigned recommends that Defendant's Motion to Dismiss [ECF No. 15] be GRANTED and the instant case be DISMISSED because Rogers fails to state a claim as a matter of law and because Defendant Dacey is entitled to qualified immunity.

## II.    Motion to Dismiss Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss under Rule 12(b)(6), the court must

accept all well-pleaded factual allegations as true and construe them in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

A complaint's survival of § 1915(e) screening, "which was undertaken before [d]efendants were served and appeared, does not preclude a subsequent deeper analysis of whether the Complaint states a claim with the assistance of fully-briefed motions under Rule 12(b)(6)." *Murphy v. Warren*, No. 1:12-CV-3317-WSD, 2015 WL 363023, at *6 n.1 (N.D. Ga. Jan. 27, 2015) (citation omitted). "Due to time constraints, the limited review authorized by [§ 1915], and the fact that the Court is not an advocate," initial screening may be "relatively cursory." *Burfitt v. Bear*, No. 1:15-CV-730, 2016 WL 4992017, at *2 n.2 (S.D. Ohio Aug. 15, 2016), *report and recommendation adopted*, No. 1:15CV730, 2016 WL 4944773 (S.D. Ohio Sept. 16, 2016). Consequently, "the ultimate failure of a complaint's legal theories may not be apparent at the outset." *Harry v. Wagner*, No. 2:12-CV-643-FTM-29, 2013 WL 4648318, at *3 (M.D. Fla. Aug. 29, 2013).

### III.     Rogers' Allegations in his Amended Complaint [ECF No. 7]

In his initial complaint, Rogers alleged that, on March 29, 2019, he was walking from his residence to work when he was followed by officers, including Defendant Dacey[1]. [ECF No. 1 at 2]. Plaintiff stopped to sit on a bench when he noticed them following him. [*Id.*]. Rogers told officers he did not want to talk to them but if they wanted to talk to him, they could talk to him at his sister's house; and a chase ensued. [*Id.*]. Rogers amended his complaint to attempt to cure certain deficiencies identified by the Court. [ECF No. 6, 7]. In the sworn amended complaint, Rogers told a similar story and alleged that he was walking to work and stopped to sit on a bench when he noticed officers following him. [ECF No. 7 at 5-7]. Rogers admitted that when the officer approached him, he stood up, questioned whether the officer had an arrest warrant and, after learning the officer had no warrant, he ran from the officer. [*Id.*]. When Officer Dacey caught him, the officer told him that he was under arrest for trespassing [*Id.*]. Rogers alleges he was taken to Martin County jail and on April 10, 2019, was "falsely" arrested cocaine possession, possession of cannibus, and drug paraphernalia and "resisting without." He posted bond and "a week or so later the charges were dropped." [*Id.*]. He claims that he was "left homeless." [*Id.*].

---

[1] Rogers initially named the defendant as Officer "M. Day" [ECF No. 1] and in the amended complaint as "Officer M. Davey." [ECF No. 7]. The Court corrected the spelling to "Dacey" as noted in Defendant's motion to dismiss. [ECF Nos. 15, 17].

As outlined in the Undersigned's Report recommending the case proceed against Officer Dacey:

> Officer Da[c]ey called Plaintiff by name, but Plaintiff stated he did not want to talk to them without a warrant and kept walking. Plaintiff then noticed the officers were running toward him; so, he ran. Eventually officers caught up with Plaintiff; and Officer Da[c]ey slammed Plaintiff on the hood of a car stating he was under arrest. According to Plaintiff, the officer told him he was being arrested for trespass as reported by Plaintiff's (unnamed) sister. Plaintiff was taken to Martin County Jail. Plaintiff claims he was "falsely charge[d]" with possession of cocaine and cannabis, "resisting without," and possession of drug paraphernalia. Plaintiff claims the charges were later dropped.
>
> As a result, Plaintiff claims he became homeless, and "wants the defendants to pay for everything" including his flat-screen TV, speakers, jewelry, video games, and other items. Plaintiff claims he lost wages … Plaintiff seeks $250,000.

[ECF No. 8] (internal citations omitted).

It is worth noting, that in his unsworn reply to the motion to dismiss, Rogers alleges that he was standing outside his residence "having coffee with [his] landlord" but that officers did not approach him about the trespass until he started walking to work. [ECF No. 23]. Rogers never mentioned this detail in either his initial- or amended complaint. Nonetheless, the amended complaint is the sole operative complaint in this case.

### IV.   Defendant's Defenses [ECF No. 15]

In his motion to dismiss, Defendant Dacey noted that the Court's decision to allow Rogers' claim to proceed was based on the alleged failure to amend the arrest

5

affidavit within forty-eight hours as ordered by the state court in Roger's case. [ECF No. 15]. Dacey asserts that was incorrect, that he did amend the arrest affidavit within forty-eight hours and provides the amended affidavit as an exhibit. [*Id.* at 2; *see also* ECF No. 15-1]. Dacey asserts that Rogers's claim cannot stand as a matter of law because he cannot demonstrate the complete absence of probable cause. [ECF No. 15 at 2]. Dacey contends that, as the amended arrest warrant shows, probable cause did exist for Rogers's arrest where officers were dispatched to the area following a complaint made by Bernatta Cook and Rogers fled the scene when officers attempted to question him. [*Id.* at 4-6]. In addition, Dacey maintains that he is entitled to qualified immunity rendering him immune from suit. [*Id.* at 3-4].

## V.     Rogers's Response [ECF No. 23]

Rogers argues in his response to the motion to dismiss that he was never "given papers" for trespassing and never had drugs. [ECF No. 23]. Rogers seemingly maintains there was no probable cause because he should have been served about the trespass allegation during his arrest or within forty-eight hours. [*Id.*]. Rogers seems to claim that he has a witness (his landlord) who can provide an alibi for him. [*Id.*]. He makes similar assertions in his reply to Dacey's response. [ECF No. 27]. However, Rogers's assertions miss the point because, as explained in the discussion section below, the issue here is not whether Rogers committed a trespass but whether the officers had sufficient probable cause to arrest him.

## VI.    Discussion & Applicable Law

### *A. Probable Cause and Malicious Prosecution*

"An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). In a § 1983 claim for false arrest, the plaintiff has the burden of demonstrating the complete absence of probable cause for the alleged false arrest. *Rankin v. Evans*, 133 F.3d 1425, 1436 (11th Cir. 1998). The standard for determining the existence of probable cause is the same under both Florida and federal law. *Id*. "That a defendant is subsequently acquitted or charges are dropped against the defendant is of no consequence in determining the validity of the arrest itself." *Marx v. Gumbinner*, 905 F.2d 1503, 1507 (11th Cir. 1990). A police officer is generally entitled to rely on a victim's criminal complaint as support for probable cause. *Rankin v. Evans*, 133 F.3d at 1441.

Probable cause to arrest exists where the facts and circumstances within an officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed an offense. *Marx, supra*. Probable cause does not require overwhelmingly convincing evidence but only "reasonably trustworthy

7

information." *Id.* at 1506 (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause must be judged not with a clinical detachment but with a common-sense view to the realities of normal life. *Id.*; *see also Lee v. Geiger*, 419 So. 2d 717 (Fla. 1st DCA 1982) (a police officer does not have to conduct a perfect investigation); *LeGrand v. Dean*, 564 So. 2d 510 (Fla. 5th DCA 1990) (child victim eyewitness testimony established probable cause); *Doorbal v. State*, 837 So. 2d 940 (Fla. 2003). Consequently, the facts should not be viewed from the plaintiff's point of view or as known to the plaintiff or to the court later in the case. *Jones v. Cannon*, 174 F.3d 1271, 1283, n. 4 (11th Cir. 1999).

Pursuant to Florida law, malicious prosecution occurs when a law enforcement officer, maliciously and without probable cause, proximately causes the commencement or continuation of a criminal proceeding which terminates in favor of an individual who, as a result thereof, suffers damages. *Jackson v. Navarro*, 665 So. 2d 340 (Fla. 4th DCA 1995). As such, Rogers has the burden to prove that he was arrested *without* probable cause in order to prevail on a malicious prosecution claim. In that regard, the presence of probable cause is a complete defense to a malicious prosecution claim. *Lee v. Geiger*, 419 So. 2d 717 (Fla. 1st DCA 1982). Still, the existence of such malice does not necessarily infer a lack of probable cause. *Biezer v. Judge*, 743 So. 2d 134 (Fla. 4th DCA 1999). Probable cause is not based upon an officer's subjective intentions. Finally, the dismissal, acquittal, or a verdict


of not guilty in the underlying criminal proceeding does not equate to a lack of probable cause. *Thomson McKinnon Securities, Inc. v. Light*, 534 So. 2d 757 (Fla. 3rd DCA 1988).

According to Rogers, there was no probable cause for his arrest. However, as noted in the Undersigned's Report recommending this case proceed, in the underlying criminal case Rogers was charged with possession of cocaine, possession of 20 grams or less of cannabis, resisting an officer without violence, and use or possession of drug paraphernalia.[2] As explained in the Undersigned's Report:

> On March 30, 2019, according to the judge's first appearance order, the court found probable cause to believe Rogers committed the offenses as charged but it would only be supported "based upon an amended affidavit." The court directed law enforcement to amend the affidavit within forty-eight hours for a probable cause determination.

[ECF No. 8 at 6-7].

During the initial screening of Rogers' complaint, this Court took judicial notice of the online trial docket and certain documents filed in the case. Upon a cursory review, it appeared that law enforcement had not submitted an amended affidavit as required by the state court's order. It is now clear that the amended affidavit was properly submitted.

---

[2] Martin County Case No. 432019CF000366. The Court may take judicial notice of other court records. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). The online records of the underlying criminal case are located at the following URL: https://court.martinclerk.com/.

In the underlying criminal case, the initial arrest affidavit (dated March 29, 2019) indicated that police were dispatched to a location to address a call regarding an "unwanted guest"; and, when they arrived, "Bernatta Cook" informed them of Rogers's trespass. [ECF No. 15-1 at 2]. Within a few blocks, Dacey made contact with Rogers and asked him to stop and talk. [*Id*.]. Rogers asked if he had a warrant; and Dacey responded, "no." [*Id*.]. Rogers then ran knocking his own hat off his head. [*Id*.].

The amended affidavit dated the next day, March 30, 2019, indicates that the officer attempted to contact Rogers to discuss their trespass investigation, but he refused and ran from them. [ECF No. 15-1 at 1]. While running from the officers, Rogers knocked his hat off. [*Id*.]. The officer took Rogers into custody and retrieved the hat which was just ten feet away and found crack cocaine inside the "band" of the hat. [*Id*.]. During a further search of Roger's person, the officer found cannabis and drug paraphernalia including a crack pipe and rolling papers. [*Id*.]. Rogers was arrested for the drug related charges. The same day the court issued an order stating, "law enforcement shall have 48 hours to amend for pc determination." The next day, March 31, 2019, the state court entered a note on its order that there was probable cause to support the arrest "based upon [the] amended affidavit."

Even without the probable cause determination made by the state court, the undisputed facts, as provided in Rogers's amended complaint support a finding of probable cause.

It is true that "when an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the police and go about his business . . . [a]nd any refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure . . . But unprovoked flight is simply not a mere refusal to cooperate. Flight, by its very nature, is not going about one's business; in fact, it is just the opposite." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) (internal quotations and citations omitted). Here, officers were investigating a trespass call and received information from Bernatta Cook naming Rogers as having committed the trespass. Rogers admitted in his amended complaint that the officers called out to him by name. They approached Rogers, asked to speak with him but he refused and fled. This is not to say that Rogers was necessarily guilty of any crime but it demonstrates that there was probable cause for the officer to attempt to arrest him for the trespass charge at the time – enough to foreclose the false arrest claim under Section 1983.

Ultimately, on April 18, the State filed a "no information"; and the drug charges were dropped. But this does not contradict a probable cause finding. Because sufficient probable cause existed for Rogers's arrest, his false arrest claim is

11

foreclosed. In addition, because probable cause is a complete defense, his claim for malicious prosecution also fails. Because Rogers cannot meet his burden that there was no probable cause for his arrest, his complaint is due to be DISMISSED for failure to state a claim.

### B. Qualified Immunity

Still, even without actual probable cause, Dacey is entitled to qualified immunity. "To receive qualified immunity protection, an officer need not have actual probable cause but only arguable probable cause." *Holmes v. Kucynda*, 321 F.3d 1069, 1079 (11th Cir. 2003) (internal quotations and citations omitted). Therefore, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). Accordingly, a law enforcement official "who reasonably but mistakenly conclude[s] that probable cause is present [is] entitled to immunity." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991). "Because the entitlement is an immunity from suit rather than a mere defense to liability," the Supreme Court of the United States has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation" *Id*. (internal quotations and citations omitted).

Here, Dacey was dispatched to the area responding to a trespass call, was told by Bernatta Cook that Rogers committed the trespass, and he sought to investigate the matter. He located Rogers, called him by name, asked to speak to him, and admitted to Rogers that he had no arrest warrant. Still, Rogers fled. Dacey pursued him.

Dacey is entitled to qualified immunity because his decision was reasonable, even if mistaken: "[t]he qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter*, 502 U.S. at 229 (internal citations and quotations omitted). Ultimately, because Dacey is immune from suit, Rogers's case against him is due to be DISMISSED.

## VII. Conclusion

Rogers makes conflicting assertions in his replies when compared with his sworn complaint. [ECF Nos. 23, 27]. Here, it bears reminding that the Court is not obligated to credit self-serving statements by a plaintiff over the sworn statements of officials. *Vaughn v. Scroggins*, 2008 U.S. Dist. LEXIS 87179, 2008 WL 4767496 (M.D. Ala. Oct. 28, 2008) (a plaintiff relied solely on self-serving statements that he complied with the grievance procedure, but the forms may have been avoided or abandoned. Without providing any record or documentation, plaintiff failed to demonstrate that he exhausted his administrative remedies).

Ultimately, because the sworn arrest affidavit and the facts presented in the parties' briefs demonstrates probable cause existed for Rogers's arrest, Rogers's claim for unlawful arrest and malicious prosecution fail as a matter of law. Moreover, Dacey is immune from suit.

Accordingly, Defendant's Motion to Dismiss should be GRANTED.

## VIII.  Recommendation

Based on the foregoing, it is recommended that Defendant's Motion to Dismiss [ECF No. 15] be GRANTED for failure to state a claim or because Defendant is entitled to qualified immunity and the case be CLOSED.

Objections to this Report may be filed with the District Court Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a de novo determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 3rd of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Frankie Lee Rogers
803212
Martin County Jail
Inmate Mail/Parcels
800 SE Monterey Road
Stuart, FL 34994
PRO SE

Anthony Richard Gonzales
Carman, Beauchamp, Sang & Gonzales, P.A.
3335 NW Boca Raton Blvd.
Boca Raton, FL 33431
561-393-6335
Email: Agonzales@carmanbeauchamp.com
Counsel for Defendant Dacey